FILED - GR
April 14, 2010 3:39 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__rmw__/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Q/C

| | | |
|---|---|---|
| **Armett Christian,** | ) | |
| Plaintiff, | ) ) ) | **1:10-cv-356** |
| | ) Hon. | **Gordon J Quist** |
| v. | ) | **U.S. District Judge** |
| | ) | |
| **Collecto, Inc.,** | ) | |
| a Massachusetts corporation, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**Complaint**

**I.   Introduction**

1.   This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Armett Christian is a natural person residing in Kent County, Michigan. Mr. Christian is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

MOC.

4. Defendant Collecto, Inc., doing business as Collection Company of America, also doing business as CCA, also doing business as EOS CCA ("CCA") is a Massachusetts corporation, headquartered at 700 Longwater Drive, Norwell, Massachusetts 02061. The registered agent for CCA in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. CCA uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CCA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CCA is a "debt collector" as the term is defined and/or used in the FDCPA. CCA is licensed (No. 2401001390) by the State of Michigan to collect consumer debts in Michigan. CCA is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.   Facts**

5. Mr. Christian had a credit account with AT&T which he used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. Mr. Christian and the original creditor later had a disagreement, with AT&T claiming that Mr. Christian had failed to pay a small debt of $79.48.

7. Mr. Christian continues to dispute the alleged debt.

8. Mr. Christian continues to refuse to pay the alleged debt.

9. The original creditor or a successor in interest hired CCA to collect the alleged debt.

10. Alternatively, CCA or a related entity purchased the alleged debt after the account

allegedly became delinquent.

11. CCA sent one or more letters to Mr. Christian, demanding payment of the alleged debt and inviting Mr. Christian to telephone CCA to discuss the matter.

12. Fearful of CCA, Mr. Christian sent CCA three payments of $20.00 each, reducing the amount of the alleged debt to $19.48.

13. In or about March 2010, Mr. Christian spoke by telephone with a CCA employee identified as Peggy. Mr. Christian requested documents regarding the AT&T account so that he could verify for himself whether he still owed anything on the account. The CCA employee stated that CCA would not provide Mr. Christian with any documents and that his only choice was to pay the remaining alleged balance. Mr. Christian stated that he did not want to receive any more communications from CCA and that he disputed the debt. Hearing that, the CCA employee made the following statements:

    a) If Mr. Christian were to exercise his right to demand that CCA cease communicating with him, then CCA would retaliate by causing derogatory information regarding the alleged $19.48 debt to appear on Mr. Christian's credit reports; and

    b) In order to dispute the debt, Mr. Christian was required to provide CCA with a written letter of dispute.

Mr. Christian continued to state to the CCA employee that he was disputing the debt orally and by telephone. The CCA employee continued to argue with Mr. Christian that he could not dispute the debt orally and by telephone, and instead was required to dispute the debt in writing. As Mr. Christian continued to calmly attempt to exercise his right to orally dispute the debt, the

CCA employee became increasing angry and belligerent, announced in a loud voice to the other CCA collectors around her, "This guy's on drugs, man," and abruptly terminated the telephone conversation.

14. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

15. The CCA employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

16. The CCA employee made false statements regarding Mr. Christian's rights to dispute the debt.

17. The CCA employee falsely stated that to dispute the debt, Mr. Christian was required to dispute the debt in writing.

18. CCA failed to communicate to AT&T and the consumer reporting agencies that the debt was disputed by Mr. Christian.

19. The CCA employee falsely threatened that if Mr. Christian sent a letter to CCA demanding that CCA cease communications with him, CCA would retaliate by causing derogatory information regarding the alleged $19.48 debt to appear on Mr. Christian's credit reports.

20. The CCA employee falsely stated that if Mr. Christian sent a letter to CCA demanding that CCA cease communications with him, as a consequence, derogatory information regarding the alleged $19.48 debt would appear on Mr. Christian's credit reports.

21. The CCA employee falsely stated that if Mr. Christian sent a letter to CCA demanding that CCA cease communications with him, as a consequence, Mr. Christian's credit would be harmed.

22. The acts and omissions of CCA and its employee done in connection with efforts to collect a debt from Mr. Christian were done wilfully.

23. CCA and its employee wilfully violated the FDCPA and MOC.

24. As an actual and proximate result of the acts and omissions of defendants and/or their employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

V. **Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

25. Plaintiff incorporates the foregoing paragraphs by reference.

26. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

27. Plaintiff incorporates the foregoing paragraphs by reference.

28. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

   a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)  Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c)  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to M.C.L. § 339.916(2);

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2); and

d)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: April 14, 2010

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com